IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:19-CR-00322-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| NICHOLAS WITTCOP | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| Defendant. | ) | **MEMORANDUM** |
| | ) | |
| | ) | |

NOW COMES the Defendant, Nicholas Wittcop, by and through undersigned Counsel, and respectfully requests this Honorable Court consider the attached Memorandum in imposing judgment and sentence.

        Respectfully submitted,

        s/Damian A. Billak
        **DAMIAN A. BILLAK (#0065274)**
        *ATTORNEY FOR DEFENDANT*
        Creekside Professional Centre
        Bldg. F, Suite 100
        6715 Tippecanoe Road
        Canfield, OH  44406
        Phone: 330-702-2000
        Fax: 330-702-2970
        E-mail: dbillak@billaklaw.com

## CERTIFICATE OF SERVICE

This is to certify that on December 17, 2019, a copy of the foregoing *Defendant's Sentencing Memorandum* was filed with the Court. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

s/Damian A. Billak
**DAMIAN A. BILLAK (#0065274)**
*ATTORNEY FOR DEFENDANT*

# MEMORANDUM

## I. PERSONAL HISTORY

Nicholas Wittcop is 37 years old, single, and has a minor child from a previous relationship. Although he pays child support, he has no contact with his child because of his addiction and legal issues. He was raised by his mother in an unhealthy and emotionally unstable environment. He grew up in a poor neighborhood that was plagued with drugs and violence. Both of his parents suffered from alcoholism. Mr. Wittcop acknowledges a history of substance abuse. Mr. Wittcop's opiate addiction was a major contributing factor to his criminal activity. He desires to be free from addiction and be a productive member of society.

## II. STATEMENT OF THE CASE

Mr. Wittcop accepted responsibility for his actions by entering a guilty plea to Counts 1, 2, and 3 of the Indictment. At the time of the offense, Mr. Wittcop was heavily involved in an escalating substance abuse addiction that clouded his judgment and, while not an excuse, contributed to his unlawful conduct.

## III. LAW AND ARGUMENT

### A. Current State of Sentencing Law in the Wake of *United States v. Booker* and its Progeny

Sentencing procedure underwent a fundamental change with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). Whereas the Federal Sentencing Guidelines previously were virtually mandatory in nature, today they are "effectively advisory" in all cases. *Id.* at 245. The net result is that district courts must now impose a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). *See United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006) ("It is worth noting that a district court's job is not to impose a 'reasonable' sentence. Rather, a district

court's mandate is to impose a 'sentence, sufficient, but not greater than necessary, to comply with the purposes' of section 3553(a)(2).")

The Supreme Court's directive that district courts are to impose sentences in light of **all** of the sentencing criteria set forth in § 3553 was made clear in its recent decision in *Gall v. United States*, 128 S. Ct. 586 (2007).  In *Gall*, the Court established the following procedure that district courts are to follow when imposing sentence:

> [A]  district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.  The Guidelines are not the only consideration, however.  Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, he may not presume that the Guidelines range is reasonable.  He must make an individualized assessment based on the facts presented.  If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.  We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.  After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Id.* at 596-597; *see also United States v. Gossman*, 513 F.3d 592, 596 (6th Cir. 2008) ("*Gall* shows that the sentencing process involves an exercise in judgment, not a mathematical proof...").

Importantly, the "sufficient but not greater than necessary" standard of § 3553 test is no mere guideline.  Rather, it sets an independent upper limit on the sentence that may be imposed by a Court.

### B. Guideline Calculations

Based upon the Pre-Sentence Report, Mr. Wittcop's Base Offense Level is 14.  The parties anticipate a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a), for a Total Offense Level of 12, and a Criminal History Category V.

**C.   Application of the Statutory Sentencing Criteria**

  **1. §3553(a)(1) – Nature and Circumstances of the Offense and History and Characteristics of the Defendant**

The circumstances under which the offense occurred will never reoccur with proper treatment and guidance.  Mr. Wittcop recognizes the seriousness of the offense and desires to lead a law-abiding and drug-free life.  Mr. Wittcop recognizes and desires his need for substance abuse treatment.

  **2. §3553(a)(2)(A) – Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment**

This Court is free to exercise the substantial discretion afforded to it under *Gall* to fashion an appropriate sentence.

It is necessary to incarcerate to promote respect for the law and to provide just punishment, but it is requested the length of incarceration be tailored as to not be greater than necessary.

  **3. §3553(a)(2)(D) – Provide Education, Training, and Care for the Defendant**

Mr. Wittcop attended Vermillion High School in Ohio.  He dropped out in the 10th grade to work and care for his ill mother.  He has taken his GED a few times but has yet to pass it.  Mr. Wittcop's employment history has been sporadic. Mr. Wittcop will benefit from further substance abuse programs, education, employment training, or care that may be obtained during incarceration.

  **4. §3553(a)(4) & (5) – Sentencing Guideline Considerations and Policy Statements**

Mr. Wittcop is requesting a reasonable sentence that is fair and just, and not beyond the low end of the advisory guideline sentence of 27 to 33 months.  It is respectfully requested that this Honorable Court consider his actions and history did not involve weapons or violence, and the Policy Statements below in determining an appropriate sentence within the applicable guideline range.

5

      a. **Family Ties and Responsibilities**

U.S.S.G. § 5H1.6 permits the Court to consider Mr. Wittcop's support of his minor child when considering an appropriate sentence within the applicable guideline range.

### 5. Criminal History

Mr. Wittcop scores as a Criminal History V for drug and alcohol-related offenses.

## IV. CONCLUSION

Mr. Wittcop is deeply remorseful, ashamed, and embarrassed by his conduct. He poses little risk of future criminal behavior if he receives counseling for substance abuse and participates in self-improvement programs, vocational and educational training.

For the foregoing reasons, counsel prays this Court consider as punishment a reasonable term of incarceration coupled with any other conditions determined appropriate following release.

      Respectfully submitted,

      s/Damian A. Billak
      **DAMIAN A. BILLAK (#0065274)**
      *ATTORNEY FOR DEFENDANT*
      Creekside Professional Centre
      Bldg. F, Suite 100
      6715 Tippecanoe Road
      Canfield, OH  44406
      Phone: 330-702-2000
      Fax: 330-702-2970
      E-mail: dbillak@billaklaw.com